UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    NEAL J. McDONALD                               08-11741 B
    DOLORES K. McDONALD


                            Debtors           DECISION & ORDER
------------------------------------------------------

                     Dennis Gaughan
                     6161 S. Park Ave.
                     Hamburg, New York 14075
                     Attorney for the Debtors

                     John H. Ring III
                     385 Cleveland Dr.
                     Cheektowaga, New York 14215
                     Attorney for the Trustee


Bucki, Chief U.S.B.J., W.D.N.Y.

       The debtors seek to compel the trustee to return the cash value of life insurance policies that the debtors had previously surrendered pursuant to a turnover order. The central issue concerns the circumstances under which an appellate ruling in a different case will apply to reverse an earlier directive in the instant matter.

       The present controversy relates to a long-standing debate about whether New York Insurance Law §3212(b) allows a husband and wife in a joint bankruptcy case to exempt reciprocal policies of life insurance from administration by their trustee.[1] Starting in 1999, the Bankruptcy Judges of this District issued contradictory rulings on this question. *Compare In re Mata*, 244 B.R. 580 (Bankr. W.D.N.Y. 1999) *and In re Jacobs*, 264 B.R. 274 (Bankr. W.D.N.Y. 2001), *with In re Polanowski*, 258 B.R.

---

[1]For purposes of this discussion, reciprocal policies of life insurance are policies that a husband and wife will each hold on his or her own life for the benefit of the spouse.

86 (Bankr. W.D.N.Y. 2001) *and In re Hickson*, No. 00-20130 slip op. (Bankr. W.D.N.Y. Aug. 14, 2000). Resolving this split of opinion, the District Court denied an exemption for reciprocal insurance policies in its decision in *Teufel v. Schlant (In re Teufel)*, 2002 WL 33008689 (W.D.N.Y. 2002).

"In the Western District of New York, a decision of any one of the District Judges has always been accepted as a binding precedent in bankruptcy proceedings, unless that decision is reversed or until it is contradicted by a ruling of higher or equal authority." *In re Trautman*, 296 B.R. 651, 654 (Bankr. W.D.N.Y. 2003). Bound by the precedent of *Teufel v. Schlant*, the bankruptcy judges of this district would thereafter uniformly disallow the exemption of reciprocal policies of life insurance when claimed in a joint bankruptcy case. The District Court again affirmed this result in *Wornick v. Gaffney (In re Wornick)*, 2006 WL 3392156 (W.D.N.Y. 2006). In this later case, however, the debtors appealed to the Court of Appeals. On appeal, the Second Circuit reversed in a decision rendered on September 24, 2008. *Wornick v. Gaffney*, 544 F.3d 486 (2nd Cir. 2008). Holding that *Teufel v. Schlant* was wrongly decided, the Circuit instead adopted the reasoning of *In re Polonowski*, to the effect that reciprocal policies of life insurance were fully exempt under New York law.

In the instant matter, Neal and Dolores McDonald filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on April 24, 2008. In schedules filed with their petition, the debtors made no claim to exempt their ownership interest in two policies of life insurance. Presumably because the courts of this district had given to the law an interpretation that did not recognize an exemption for these assets, the debtors also chose not to oppose the trustee's motion to compel a turnover of those polices. Accordingly, on July 11, 2008, this court granted the trustee's request and extended the time to object to discharge until thirty days after the debtors had complied with the turnover directive. Mr. and Mrs. McDonald then

delivered the cash value of their insurance policies to the trustee, who continues to hold them in his trustee account.

Upon learning about the decision of the Court of Appeals in *Wornick v. Gaffney*, the McDonalds amended their bankruptcy schedules to claim an exemption for their interests in life insurance. At the same time, they also filed the present motion to compel the trustee to return the policy proceeds. The debtors contend that Bankruptcy Rule 9024 requires the application of Federal Rule of Civil Procedure 60(b), which allows the court to relieve a party from a final order in a variety of specified circumstances, as well as for "any other reason that justifies relief." The trustee responds that the turnover order of July 11, 2008, constituted a final order that established law of the case. In the trustee's view, the debtors should have corrected any error through the process of an appeal. Thus, the trustee asserts that because the debtors failed to appeal the turnover order, they are now bound by its direction.

If the debtors had attempted to exempt their insurance policies at the time that they filed their bankruptcy petition, then presumably the trustee would have moved to disallow that exemption. If the court had granted an order disallowing the exemption, then perhaps that order might have established a law of the case that would now bind the debtors. Such are not the facts in the instant matter, however. The debtors did not originally claim an exemption for the insurance policies, so that the trustee never obtained an order to disallow that exemption. Indeed, the order of July 11, 2008, imposed only an obligation for the turnover of property, and did not finally resolve any claims to that property. Consequently, this court has yet to issue any order that would have bound the debtors with respect to the exempt status of their insurance policies.

A turnover order serves to enforce the rights of a trustee under 11 U.S.C. §542.  In relevant part, subdivision (a) of this section states that an entity "in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, *or that the debtor may exempt under section 522 of this title*, shall deliver to the trustee, and account for, such property or the value of such property . . . ."  (emphasis added).  As a practical matter, trustees will not usually seek a turnover of fully exempt property from the debtors.  Nonetheless, by its text, section 542 allows the turnover of all estate property, including property that the trustee will administer and property that debtors may prospectively exempt.  Essentially, a turnover order does not determine the exemptibility of an asset, but merely places such property into the possession of the trustee until such time as its disposition is finally resolved.  Contemplating the turnover of exempt assets, section 542 impliedly allows the return of those assets to the debtors after an exemption is finally established.

Bankruptcy Rule 1009(a) provides that schedules "may be amended by the debtor as a matter of course at any time before the case is closed."  Having amended their schedules to claim an exemption in policies of insurance, the McDonalds may now recover the cash values that were previously turned over to the trustee.  Accordingly, the debtors' motion to compel a return of these exempt proceeds is in all respects granted.

So ordered.

Dated:     Buffalo, New York              /s/   CARL L. BUCKI
           March 10, 2009                 Chief, U.S.B.J., W.D.N.Y.